12-4916-bk (L)
In re Coudert Brothers

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 2nd day of September, two thousand fourteen.

Present:     ROSEMARY S. POOLER,
             REENA RAGGI,
                  *Circuit Judges.*[1]
_____

IN THE MATTER OF: COUDERT BROTHERS LLP          **ORDER**
*Debtor,*

_____          Docket Nos. 12-4916 (L),
DEVELOPMENT SPECIALISTS, INC.,                       12-4925 (Con), 12-4926 (Con),
*Plaintiff-Appellee-Cross-Appellant,*                12-4928 (Con), 12-4931 (Con),
-------------------------------------------------------------------          12-4933 (Con), 12-4935 (Con),
AKIN GUMP STRAUSS HAUER & FELD LLP, ARENT          12-4938 (Con), 12-4939 Con),
FOX LLP, DLA PIPER (US) LLP, DECHERT LLP,          12-4945 (Con), 12-4948 (Con),
DORSEY & WHITNEY LLP, DUANE MORRIS, LLP,          12-4950 (Con), 12-4952 (Con),
JONES DAY, SHEPPARD MULLIN RICHTER &          12-4921 (XAP), 12-4927 (XAP),
HAMPTON, LLP, K&L GATES LLP, MORRISON &          12-4929 (XAP), 12-4932 (XAP),
FOERSTER LLP*,*                                      12-4934 (XAP), 12-4936 (XAP),
*Defendants-Appellants-Cross-Appellees.*[2]          12-4940 (XAP), 12-4942 (XAP),
                                                     12-4943 (XAP), 12-4946 (XAP),
                                                     12-4949 (XAP), 12-4951 (XAP),
                                                     12-4953 (XAP).

---

[1] Judge Richard C. Wesley, a member of the original panel, subsequently recused himself. Therefore, this case is decided by the two remaining members of the panel pursuant to Internal Operating Procedure E(b) of the Rules of the United States Court of Appeals for the Second Circuit.

[2] The Clerk of the Court is directed to amend the caption as above.

1

Appearing for Defendant-Appellant-Cross-Appellee Jones Day: Geoffrey S. Stewart, Jones Day, New York, N.Y. (Jeffrey B. Ellman, Jones Day, Atlanta, GA.; Shay Dvoretzky, Warren Postman, Jones Day, Washington, D. C., *on the brief*).

Appearing for Defendants-Appellants-Cross-Appellees Dechert LLP, Morrison & Foerster LLP, K&L Gates, LLP, Quinn Emanuel Urquhart & Sullivan LLP, Duane Morris LLP, Dorsey & Whitney LLP, Arent Fox LLP, DLA Piper LLP (US): Joel M. Miller, Miller & Wrubel, P.C. (Claire L. Huene, S. Christopher Provenzano; Brett H. Miller, Morrison & Foerster; Richard S. Miller, K&L Gates, LLP; Susheel Kirpalani, Eric J. Emanuel, Eric M. Kay, Quinn Emanuel Urquhart & Sullivan LLP; Lawrence J. Kotler, Duane Morris LLP; Patrick J. McLaughlin, Dorsey & Whitney LLP; Allen G. Reiter, Arent Fox, LLP; James P. Ulwick, Jean E. Lewis, Kramon & Graham, P.A. Baltimore, MD; Jeffrey Schreiber, Howard Davis, Meister Seeling & Fein LLP; Daniel L. Brown, Sheppard Mullin Richter & Hampton LLP, *on the brief*), New York, N.Y.

Appearing for Plaintiff-Appellee-Cross-Appellant Development Specialists, Inc.: David J. Adler, McCarter & English, LLP (Joseph R. Scholz, *on the brief*), New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (McMahon, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision and order of said district court be and hereby is REVERSED IN PART and VACATED and REMANDED in part.

Appellants-Cross-Appellees Akin Gump Strauss Hauer & Feld LLP, Arent Fox LLP, Dorsey & Whitney LLP, Duane Morris LLP, Jones Day, K & L Gates LLP, Morrison & Foerster LLP, Sheppard Mullin Richter & Hampton LLP, DLA Piper (US) LLP, and Dechert LLP (the "Law Firms") appeal from the July 18, 2012 amended decision and order of the United States District Court for the Southern District of New York (McMahon, *J.*), granting Appellee-Cross-Appellant Development Specialist's Inc.'s ("DSI") motion for summary judgment. *See Dev. Specialists, Inc. v. Akin Gump Strauss Hauer & Feld LLP*, 480 B.R. 145 (S.D.N.Y. 2012) ("*DSI"*). DSI, in its capacity as administrator for the bankruptcy estate of defunct law firm Coudert Brothers LLP, sought to recover from the Law Firms profits earned by former Coudert partners, now working at the Law Firms, on Coudert client matters that were uncompleted at the time of Coudert's dissolution. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The district court found the uncompleted client matters were assets of Coudert, and as such recoverable by the bankruptcy estate. *Id.* at 154. However, another court in the same district reached the opposite conclusion, refusing to recognize a property right in unfinished hourly fee matters. *Geron v. Robinson & Cole LLP*, 476 B.R. 732, 740 (S.D.N.Y. 2012) ("*In re Thelen I*"). Both cases were appealed to this Court, and a separate panel of this Court heard argument in *In re Thelen* on October 7, 2013. In an opinion dated November 15, 2013, the Court in *Thelen* certified the following questions to the New York Court of Appeals pursuant to Second Circuit Local Rule 27.2 and New York Compilation of Codes, Rules, and Regulations, title 22, section 500.27(a):

> Under New York law, is a client matter that is billed on an hourly basis the property of a law firm, such that, upon dissolution and in related bankruptcy proceedings, the law firm is entitled to the profit earned on such matters as the "unfinished business" of the firm?

> If so, how does New York law define a "client matter" for purposes of the unfinished business doctrine and what proportion of the profit derived from an ongoing hourly matter may the new law firm retain?

*In re Thelen*, 736 F.3d 213, 225 (2d Cir. 2013) ("*In re Thelen II*"). On December 2, 2013, we certified the same two questions to the New York Court of Appeals with respect to the instant appeal. *In re Coudert Bros. LLP*, 2013 WL 9363394 (2d Cir. Dec. 2, 2013).

The New York Court of Appeals issued an opinion on July 1, 2014, answering the first certified question in the negative. *See In re Thelen LLP*, 2014 WL 2931526, at *5 (N.Y. July 1, 2014)("*In re Thelen III*"). The Court found it unnecessary to answer the second question. *Id.* at *9. Given the holding in *In re Thelen III*, we must reverse the district court's grant of summary judgment in DSI's favor. On remand, the district court is directed to enter summary judgment in favor of the Law Firms and to dismiss the claims that the client matters at issue were Coudert's property, as well as the related claims seeking an accounting for those fees.

In briefing to this Court following the New York Court of Appeals decision, DSI argued that it believed its remaining claims—dismissed by the district court as "duplicative and unnecessary" in light of the accounting proceeding—should be revived. DSI also argues that it should be permitted to proceed with an accounting as to unpaid accounts receivables and work-in-progress that DSI alleges are unaffected by the New York Court of Appeals decision. We thus vacate the district court's grant of summary judgment to the Law Firms dismissing the remaining claims, vacate the grant of an accounting and remand to the district court to consider, in the first instance, whether DSI may proceed on any of the dismissed claims and whether any part of its claim for an accounting survives *In re Thelen*.

Accordingly, the decision and order of the district court hereby is REVERSED in part and VACATED and REMANDED in part. The cross-appeal brought by DSI is DISMISSED as moot. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk